IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JELL-E-BATH Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-1703-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CRYSTAL MUD SPA, a California | ) | |
| Company and Mike Hanson, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

Mark S. Hubert P.C.
The Weatherly Building
516 S. E. Morrison, Suite 1200
Portland, Oregon 97214

    Attorney for Plaintiff

John D. Ostrander
Elliott, Ostrander & Preston, P. C.
707 S. W. Washington Street, Suite 1500
Portland, Oregon 97205

    Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Jell-e-Bath Incorporated brings a patent infringement case against defendants LMH Enterprises, Inc. dba Crystal Mud Spa and Mike Hanson (collectively, "LMH"), alleging that LMH's products infringe on plaintiff's patent rights in US Patent No. 6,281,177 for "Bath Jelly and Method of Using the Same." Before me is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (#13). For the following reasons, I grant the motion.

## BACKGROUND

According to the Declaration of Defendant Mike Hanson, owner and president of LMH, Hanson has never been to Oregon, and LMH is not registered in Oregon, does not have any registered agents, employees or sales representatives here, and is incorporated and headquartered in California. 100% of LMH's sales have taken place in California. Two of the company's sales were to companies outside of California, one in Georgia and one in Massachusetts, but both sales took place at a trade show in San Francisco, California. LMH has conducted sales and marketing activities in Nevada, Arizona, Colorado and Utah. Hanson also testifies that LMH does not advertise or market in any national trade journals or publications which might circulate in Oregon.

LMH has an Internet website, but LMH has never made any sales through the Internet or its website. LMH advertises through Google, targeting the states of California, Arizona, Nevada, Colorado, New Mexico, Texas, and Utah, but the company has never received any sales or inquiries through its Google advertisements. LMH asserts that it focuses its business in the southwestern United States.

Page 2 - OPINION AND ORDER

Plaintiff points out that as of October 2005 a user could purchase products through the website for Crystal Mud Spa by completing an order form. The current website no longer displays the order form, but the website has an interactive page asking the question "What are you interested in?" with three check-box options: "Ordering the product," "Becoming a reseller," and "Becoming a sales rep." By clicking on one of the options, according to plaintiff, the user may send a query to LMH and obtain a response from the company. In addition, plaintiff states that the website has a "Business Opportunities" page for sales representatives, distributors and resellers; the page is entitled "Crystal Mud Spa Exclusive US distributor." Finally, plaintiff provides the March 2006 edition of Skin Inc., a national trade journal for spa professionals that is available to Oregon residents, in which Crystal Mud Spa products has an advertisement.

Hanson explains that LMH did not advertise in Skin Inc. The March issue of Skin Inc. is the Annual Buying Guide listing the attendees of the trade show put on by Allured Publishing. LMH paid to attend the trade show, but did not request or pay for advertising. LMH was unaware it was listed in the March buying guide and was not billed for the placement, was not consulted about the text or company information, and has not received a copy of the issue. Finally, Hanson testifies that the website is intended to provide such information as may be found in a company brochure and does not allow for interactive online commerce. Rather, once an e-mail is received, the company responds based on geography, type of business and business relationship type.

## LEGAL STANDARDS

The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. <u>Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements, Ltd.</u>, 328 F.3d 1122, 1129 (9th Cir. 2003). If no evidentiary hearing is held, a plaintiff can withstand a motion to dismiss by making a prima facie showing of jurisdictional facts which, if true, support jurisdiction over the defendant. Allegations in the complaint must be taken as true and conflicts between the facts must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. <u>Id.</u>

The jurisdictional reach of the federal court over defendants is determined by the law of the forum state. Oregon extends jurisdiction to the outer limits permitted by the state or federal constitutions. ORCP 4L. Thus, the federal due process analysis is the relevant analysis. <u>Mattel, Inc. v. Greiner and Hausser GMBH</u>, 354 F.3d 857, 863 (9th Cir. 2003).

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). The constitutional due process test may be satisfied by a finding of either general or specific jurisdiction. When a defendant has "substantial" or "continuous and systematic" contacts with the forum state, general jurisdiction is proper even if the cause of action is unrelated to the defendant's forum activities. <u>Bancroft & Masters, Inc. v. Augusta National, Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000). The standard is "fairly high" and requires contacts that approximate physical presence. <u>Id.</u>

When general jurisdiction is inappropriate, the Ninth Circuit has recognized application of a three-part test to determine whether specific jurisdiction exists:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Mattel, 354 F.3d at 863.

The first element ensures that a "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The connection between defendant and the forum state must come about "by *an action of the defendant purposefully directed toward the forum State*. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. . . . [A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state." Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. 102, 112 (1987) (emphasis in original) (internal citations omitted).

Although contacts that are isolated or sporadic may support specific jurisdiction if they create a substantial connection with the forum, the contacts must be more than random, fortuitous, or attenuated. Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985). A defendant need not be physically present within the forum, provided its efforts are purposefully directed toward forum residents. Id. at 476. However, contacts resulting from the unilateral activity of another party or third person are not attributable to a defendant. Id. at 475 & n.17.

Page 5 - OPINION AND ORDER

**DISCUSSION**

LMH contends that it has done nothing, commercially or otherwise, in Oregon to create personal jurisdiction here. Plaintiff takes the position that defendant's Oregon contacts are not sufficient to support general jurisdiction but that they do support specific jurisdiction. Relying extensively on Tech Heads, Inc. v. Desktop Service Center, Inc., 105 F. Supp. 2d 1142 (D. Or. 2000), plaintiff points to LMH's interactive website and the advertisement in Skin Inc. as evidence that the court has jurisdiction over LMH.

In Tech Heads, Inc., the court held it had jurisdiction over a Virginia-based company for purposes of a trademark infringement suit. Although over 95% of defendant's business was with residents of Virginia, and the balance with people and companies in Maryland, North Carolina and the District of Columbia, because the company was "posting a highly commercial, highly interactive Web site . . . , engaging in Internet commerce with at least one Oregon resident, advertising in a national newspaper, and providing a toll-free number," the court found that defendant had intentionally availed itself of jurisdiction in Oregon. Tech Heads, 105 F. Supp. 2d at 1151.

Unlike the defendant in Tech Heads, LMH has never accrued any benefits in Oregon due to its website, has never intentionally advertised in any publication circulated in Oregon, and does not have a toll-free number. In addition, unlike the defendant in Tech Heads, LMH does not conduct most of its business through the internet. In fact, LMH has never made any sales on the internet or through its website.[1]

---

[1] I note that even had plaintiff purchased LMH's product over the internet prior to filing its Complaint, as suggested at oral argument, the outcome would be no different. Plaintiff cannot manufacture personal jurisdiction. Millennium Enterprises, Inc. v. Millennium Music, LP, 33 F.

Plaintiff has failed to make the prima facie showing of jurisdictional facts which, if true, support jurisdiction over LMH.  This case is directly in line with Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997).  In Cybersell, a company providing business consulting services for marketing on the internet permitted users to e-mail it to find out how the users could advertise their own companies on the internet through a link that said, "Email us to find out how!"  The court held,

> Cybersell FL did nothing to encourage people in Arizona to access its site, and there is no evidence that any part of its business (let alone a continuous part of its business) was sought or achieved in Arizona.  To the contrary, it appears to be an operation where business was primarily generated by the personal contacts of one of its founders.  While those contacts are not entirely local, they aren't in Arizona either.  No Arizonan except for Cybersell AZ "hit" Cybersell FL's web site.  There is no evidence that any Arizona resident signed up for Cybersell FL's web construction services.  It entered into no contracts in Arizona, made no sales in Arizona, received no telephone calls from Arizona, earned no income from Arizona, and sent no messages over the Internet to Arizona.  The only message it received over the Internet from Arizona was from Cybersell AZ.  Cybersell FL did not have an "800" number, let alone a toll-free number that also used the "Cybersell" name.  The interactivity of its web page is limited to receiving the browser's name and address and an indication of interest–signing up for the service is not an option, nor did anyone from Arizona do so.  No money changed hands on the Internet from (or through) Arizona.  In short, Cybersell FL has done no act and has consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities, in Arizona, thereby invoking the benefits and protections of Arizona law.

Cybersell, 130 F.3d at 419.  Similarly, LMH's website permits a user to submit the equivalent of an e-mail query about ordering the product, becoming a reseller, or becoming a sales representative.  No interactive online commerce is possible.

Plaintiff requests that it be given the opportunity to conduct jurisdictional discovery.  However, the only potential disagreement between the parties turns on the Skin Inc. publication,

---

Supp. 2d 907, 911 (D. Or. 1999).

Page 7 - OPINION AND ORDER

and plaintiff does not contradict Hanson's testimony that LMH did not seek to advertise in that publication. Plaintiff has offered no other reason to question Hanson's assertions that LMH has never benefitted from any contact with Oregon.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (#13) is granted.

IT IS SO ORDERED.

Dated this ____8th____ day of May, 2006.

                                        /s/ Garr M. King
                                       Garr M. King
                                         United States District Judge